IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DeMARQUIS SILLEMON,

      Plaintiff,                              CV F 07 0987 LJO WMW PC

      vs.                                      ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

G.RODREGEZ,

      Defendant.

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Corcoran, brings this civil rights action against defendant Correctional Officer Rodregez, an employee of the CDCR at Corcoran State Prison.

      Plaintiff's sole claim in this complaint is that Defendant destroyed personal property of his. Specifically, Defendant took the property without Plaintiff's authorization.

      "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v.

1

1  Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation
2  remedy, only authorized, intentional deprivations constitute actionable violations of the Due
3  Process Clause.  An authorized deprivation is one carried out pursuant to established state
4  procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985);
5  see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

6       Here, Plaintiff has not alleged any facts which suggest that the deprivation of his personal
7  property was "authorized" under the definition above.  The California Legislature has provided a
8  remedy for tort claims against public officials in the California Government Code, Sections, 900,
9  et seq.  Because plaintiff has not attempted to seek redress in the state system, he cannot sue in
10 federal court on the claim that the state deprived him of property without due process of the law.
11 The court concludes that this claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. §
12 1915(d).

13       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
14 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
15 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
16 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
17 there is some affirmative link or connection between a defendant's actions and the claimed
18 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
19 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
21 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
22 complaint be complete in itself without reference to any prior pleading.  This is because, as a
23 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
24 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
25 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
26

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's complaint is dismissed; and

    2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   February 20, 2008**               /s/  William M. Wunderlich
                                                                             UNITED STATES MAGISTRATE JUDGE