IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DeMARQUIS SILLEMON,

        Plaintiff,                            CV F 07 0987 LJO WMW PC

        vs.                                    FINDINGS AND RECOMMENDATION

G.RODREGEZ,

        Defendant.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the April 10, 2008, first amended complaint, filed in response to the February 21, 2008, order dismissing the original complaint with leave to amend.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Corcoran, brings this civil rights action against defendant Correctional Officer Rodregez, an employee of the CDCR at Corcoran State Prison.

        Plaintiff's sole claim in this complaint is that Defendant destroyed personal property of his.  Specifically, Defendant took the property without Plaintiff's authorization.  In the order dismissing the original complaint, the court advised Plaintiff of the following.

        "An unauthorized intentional deprivation of property by a state employee does not

1

constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Here, Plaintiff has not alleged any facts which suggest that the deprivation of his personal property was "authorized" under the definition above. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, Sections, 900, et seq. Because Plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. The court concludes that this claim must, therefore, be dismissed.

In the April 10, 2008, first amended complaint, Plaintiff re-states the allegations of the original complaint. The crux of Plaintiff's complaint is that Defendant Rodregez disposed of Plaintiff's property without proper authorization. As noted above, Plaintiff must attempt to seek redress in the state system. Though the first amended complaint is filed on a state court form, it does not state a claim for relief under 42 U.S.C. § 1983 as noted above.

Because Plaintiff has not filed an amended complaint that states a claim for relief, the court recommends dismissal of this action for failure to state a claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District

1  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within
2  thirty days after being served with these findings and recommendations, plaintiff may file written
3  objections with the court.  Such a document should be captioned "Objections to Magistrate
4  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
5  within the specified time waives all objections to the judge's findings of fact.  See Turner v.
6  Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time
7  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
8  Cir. 1991).

12  IT IS SO ORDERED.

13  **Dated:    April 15, 2008**                    **/s/  William M. Wunderlich**
                                                  UNITED STATES MAGISTRATE JUDGE